[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Section 390 of the Practice book sets forth conditions under which declaratory judgments cannot be rendered. It reads:
"390. Conditions CT Page 11630
 "The court will not render declaratory judgments upon the complaint of any person:
 (a) unless he has an interest, legal or equitable, by reason of danger of loss or of uncertainty as to his rights or other jural relations; or
 (b) unless there is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties; or
 (c) where the court shall be of the opinion that the parties should be left to seek redress by some other form of procedure; or
 (d) unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof."
The court believes that subsections b, c and d preclude the declaratory relief sought.
There is no "actual bona fide and substantial question or issue in dispute" between the plaintiff and the defendant city of Waterbury. The city, like the court is probably most sympathetic to the plight of the plaintiff husband and his wife.
It is the court's view that the plaintiffs should seek redress by some other procedure.
Also, all parties having an interest in the subject matter, in particular the United States Immigration and Naturalization Service are not parties to this action. There is nothing in the record showing that reasonable notice of this action was given to the United States Immigration and Naturalization Service or any other parties which may have an interest herein.
The court is sympathetic to the situation which confronts the plaintiffs which apparently is no fault of theirs. Yet, for the foregoing reasons the court cannot render the declaratory judgment requested.
The motion for summary judgment is denied. CT Page 11631
Parker, J.